# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist BRANDON C. BELCHER**
**United States Army, Appellant**

ARMY 20110895

Third Army, United States Army Central
Frank D. Whitney, Military Judge
Colonel Stephanie L. Stephens, Staff Judge Advocate

For Appellant: Colonel Edye U. Moran, JA; Captain James S. Trieschmann, Jr., JA (on brief).

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

31 July 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

CAMPANELLA, Judge:

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of wrongful use of heroin on divers occasions while receiving special pay under 37 U.S.C § 310 and one specification of wrongful distribution of heroin on one occasion while receiving special pay under 37 USC § 310, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to the grade of E-1. Additionally, the convening authority deferred adjudged forfeitures until action and waived automatic forfeitures in the amount of $1,000.00 per month for a period of six months.

This case is before this court for review pursuant to Article 66, UCMJ. After conducting our review of the record, we are not convinced beyond a reasonable doubt that the appellant used heroin on divers occasions. This issue merits discussion and relief.

**BACKGROUND**

Appellant was charged with only one specification of wrongful use of heroin but on divers occasions, in violation of Article 112a, UCMJ. The specification alleged:

> In that [the appellant], U.S. Army, did at or near Camp Phoenix, Afghanistan, on divers occasions, between on or about 15 November 2010 and on or about 30 December 2010, wrongfully use Heroin, a schedule I controlled substance, while receiving special pay under 37 U.S.C. § 310.

Appellant's heroin use was discovered by his command after he tested positive, while deployed, during a 100% unit urinalysis. At trial, without the benefit of a pretrial agreement, appellant pleaded not guilty to use of heroin on divers occasions but guilty to the use of heroin on only one occasion. Appellant further pleaded not guilty to the distribution of heroin on divers occasions. During the providence inquiry, appellant admitted he obtained heroin from a local national and ingested it on 29 December 2010, at Camp Phoenix, Afghanistan. Appellant admitted he knew the substance was heroin when he ingested it and that his use was wrongful. He then acknowledged testing positive on the unit urinalysis conducted the day after his heroin use.

Following appellant's guilty plea inquiry, the government attempted to prove up appellant's use of heroin on divers occasions and his distribution of heroin on divers occasions. Appellant was tried before an officer panel on the remaining specifications.

The government built its case upon two witnesses who testified they observed appellant using heroin, the appellant's positive urinalysis, and a non-commissioned officer who testified he observed behavior by appellant which he believed to be indicative of drug use for the approximate charged period of time in question.

First, Specialist (SPC) KS, testifying under a grant of immunity, stated he witnessed appellant use heroin on only one occasion, that Private (PVT) LP was present on this occassion, and that a unit urinalysis was conducted the following day.

On cross-examination, defense counsel questioned SPC KS regarding how many times he actually observed the appellant use heroin. SPC KS's testimony was consistent in that he stated he witnessed the appellant use heroin on only one occasion.

2

The government then called PVT LP.  Private LP was another soldier in appellant's unit.  Private LP testified under a grant of immunity, and with the benefit of a pretrial agreement.  Private LP specifically testified that over a two to four hour period, while SPC KS was present, he witnessed the appellant use heroin two to four times.  He also testified that a unit urinalysis was conducted within the next twenty-four to forty-eight hours after this occasion.  He further testified that he only witnessed the appellant use heroin on that one occasion during the two to four hour period.

As to the testing of the urine sample, the government called Major (MAJ) DS, commander of the Forensic Toxicology Drug Testing Laboratory at Tripler Army Medical Center.  On direct-examination, the government questioned MAJ DS on the scientific background of the drug testing procedures.  Defense counsel then cross-examined MAJ DS as follows:

> DC: . . . all of that data you just testified to, you cannot say that [the appellant] ingested on more than one occasion, correct?
>
> MAJ DS:  No.
>
> DC:  You cannot say that, correct?
>
> MAJ DS:  I cannot.

During its case in rebuttal, the government called Sergeant (SGT) JJ in an apparent attempt to establish that the appellant used heroin on multiple dates within the charged time bracket.  As a basis for his testimony, SGT JJ testified that he took courses "like DARE," (an apparent reference to "Drug Abuse Resistance Education") college courses in psychology,  and drug prevention classes provided by the Army, as well as his experiences witnessing his father after he used [unspecified] drugs.  Based on SGT JJ's experience and his observation of the appellant's behavior, SGT JJ testified he believed appellant was under the influence of drugs for a period of approximately three weeks.  He based his opinion on appellant's bloodshot eyes, pale complexion, a change in demeanor, seeing him vomit, and appellant's declining duty performance.  The government neither offered nor established SGT JJ as an expert witness.

Ultimately, the panel found the appellant guilty of heroin use on divers occasions between on or about 15 November 2010 and 30 December 2010 and distribution of heroin on or about 29 December 2010.

**LAW AND DISCUSSION**

Having reviewed the evidence in the record, we are not convinced beyond a reasonable doubt of appellant's guilt as to specification 1 of Charge 1, as it relates to "divers occasions." We find, however, the evidence does sufficiently supports, both legally and factually, a finding that the appellant used heroin on one occasion, on or about 29 December 2010.

Under Article 66(c), UCMJ, 10 U.S.C. § 866(c), we will approve only those findings of guilt we determine to be correct in both law and fact. The test for legal sufficiency is whether, when the evidence is viewed in the light most favorable to the government, any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The test for factual sufficiency is whether, after weighing the evidence and making allowances for not having observed the witnesses, we ourselves are convinced of the appellant's guilt beyond a reasonable doubt. *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). We apply the latter test in the present case.

The evidence elicited from SPC KS and PVT LP indicates they both witnessed appellant use heroin on the same day. Each testified the other was present during the time frame they witnessed appellant use heroin. Each said they only saw the appellant use heroin on one occasion. Each said the urinalysis was conducted within the next day or two after witnessing appellant's heroin use. The positive urinalysis corroborates the date appellant and PVT LP used heroin, in that both tests were positive for heroin. Additionally, the government's laboratory expert could not confirm more than one use of heroin by appellant.

The government attempted to establish "divers occasions" by eliciting from PVT LP that he witnessed appellant use heroin between two to four times over an approximately two to four hour period. Private LP described a series of acts or occurrences which constituted a single course of criminal conduct. We find, therefore, that the appellant's multiple ingestions of the same drug from the same original supply over a period of hours at the same location on the same date, were but one criminal act.

The only other evidence that appellant used heroin on more than one occasion during the three week period charged was SGT JJ's lay testimony that the appellant appeared to be on drugs for approximately a three week period. We find this evidence insufficient to prove appellant used heroin on more than one occasion.

Therefore, we find the evidence factually insufficient to find appellant guilty of using heroin on divers occasions and will take appropriate action in our decretal paragraph. We find, however, the evidence to be both legally and factually

sufficient to support the finding of guilty as to appellant's use of heroin on one occasion.

## CONCLUSION

On consideration of the entire record, we approve and affirm only so much of Specification 1 of The Charge as finds appellant did at or near Camp Phoenix, Afghanistan, on 29 December 2010, wrongfully use heroin, a Schedule I controlled substance, while receiving special pay under 37 U.S.C. § 310.

The remaining findings of Guilty are AFFIRMED. Reassessing the sentence on the basis of the factual insufficiency noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. See UCMJ art. 75(a).

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court